UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| MICHAEL JOSEPH HERRON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:05-cv-348 |
| | ) | |
| v. | ) | Honorable R. Allan Edgar[*] |
| | ) | |
| PATRICIA CARUSO et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) ("PLRA"), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

---

[*]Hon. R. Allan Edgar, United States District Judge for the Eastern District of Tennessee, sitting by designation.

**Discussion**

I.        Factual Allegations

Plaintiff currently is incarcerated in the Straits Correctional Facility pursuant to his 1993 convictions for breaking and entering and third-degree criminal sexual conduct. Plaintiff was sentenced to prison terms of four to fifteen years and five to fifteen years, respectively. His maximum discharge date is August 4, 2005. Plaintiff's complaint arises from the denial of his parole by the Michigan Parole Board. He sues Michigan Department of Corrections Director Patricia Caruso; Parole Board Chairman John S. Rubitschun; Parole Members Marianne Samper and James Atterberry; Parole Board Guidelines Lead Worker Vicki Siegrist; Parole Board Manager David Kleinhardt; and Step III Grievance Administrator Jim Armstrong.

On April 15, 2004, Plaintiff filed a Request for Declaratory Ruling with Defendant Caruso claiming that the mental health variable section of the parole guidelines was amended in violation of the Administrative Procedures Act. Under Michigan law, an interested person can request a declaratory ruling from a state agency. MICH. COMP. LAWS § 24.263. The ruling, or refusal to rule, can then be a basis for bringing an action for declaratory judgment in the circuit court. *See Bently v. Department of Corr.*, 425 N.W.2d 778, 780 (Mich. Ct. App. 1988); *Human Rights Party v. Michigan Corr. Comm'n*, 256 N.W.2d 439, 441-42 (Mich. Ct. App. 1977). The MDOC customarily deems such a request denied if there is no reply within thirty days after the request is made. Plaintiff maintains that Defendant Caruso failed to respond to his request for declaratory ruling in violation of his Eighth and Fourteenth Amendment rights.

Plaintiff was interviewed by Defendant Samper for parole consideration on September 29, 2004. He contends that he was improperly scored (-5) points under the amended

mental health variable section. Even with that score on the mental health section, Plaintiff scored under the parole guidelines as having a high probability of parole. The parole board may depart from the guidelines by denying parole to a prisoner who scores under the guidelines as having a high probability of parole, but any such departure "shall be for a substantial and compelling reason stated in writing." *See* MICH. COMP. LAWS § 791.233(e)(6). The Michigan Parole Board, represented by Defendants Samper and Atterberry, issued a decision denying Plaintiff's parole on October 1, 2004. In denying his parole, the board provided the following substantial and compelling reason for departing from the parole guidelines: "Since P continues to deny the CSC crime, and his case remains on appeal, he has not been through therapy which would allow the PB to assess whether the risk to the public of reoccurrence is sufficiently diminished."

Plaintiff asserts that Defendants Samper and Atterberry violated his due process rights when they failed to comply with state statutes and administrative rules in conducting his parole review. For example, Plaintiff claims that (1) the substantial and compelling reason given for departing from the guidelines was not objective and verifiable based upon the information contained in Plaintiff's record; (2) Defendants improperly gave him a score of (-5) points on the mental health variable; and (3) Defendants failed to request a current psychological evaluation before making their decision. Plaintiff further claims that the denial of his parole on the ground that he continues to maintain his innocence violated his Fifth Amendment right against self-incrimination. He also claims that the parole board "had created disparities in release decisions which were based on Plaintiff Herron's race and color" in violation of his Fourteenth Amendment right to equal protection. In addition, Plaintiff contends that he was subject to the "unnecessary infliction and wanton infliction of pain" in violation of his Eighth Amendment rights.

On October 28, 2004, Plaintiff submitted a request for reconsideration of the parole decision. His request was denied on December 22, 2004. On November 8, 2004, while his request for reconsideration was pending, Plaintiff filed a Step I grievance contesting the parole board's failure to request a recent psychological evaluation before making the release decision as required by Michigan Administrative Rule 791.7715. Defendants Siegrist and Kleinhardt denied Plaintiff's grievance. Defendant Rubitschun denied Plaintiff's Step II appeal and Defendant Armstrong denied the Step III appeal. Plaintiff claims that Defendants Rubitschun Siegrist, Kleinhardt and Armstrong failed to take steps to correct the error set forth in the grievance in violation of his Eighth and Fourteenth Amendment rights.

Plaintiff seeks a declaration that the acts and omissions described in his complaint violate his constitutional rights. He also requests an injunction requiring Defendants to comply with the State statutes governing parole decisions. In addition, Plaintiff seeks compensatory and punitive damages of $500,000.[1]

---

[1] A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 484, 493 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody). The Supreme Court has held that a state prisoner cannot make a cognizable claim under § 1983 for an alleged unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *see also Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997). However, in *Wilkinson v. Dotson*, 125 S. Ct. 1242, 1248 (2005), the Supreme Court clarified the *Heck* rule, finding "that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration.") (emphasis in original). Plaintiff does not seek release from prison. As a consequence, under *Wilkinson*, his success in the action would not necessarily demonstrate the invalidity of his continued confinement, so his action does not appear to be *Heck*-barred. Nevertheless, assuming that Plaintiff's action is cognizable under § 1983, it fails to state a claim as set forth herein.

II.     Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

A.     **Fourteenth Amendment - Due Process**

1.     Denial of Parole

Plaintiff asserts that Defendants Samper and Atterberry violated his right to due process when they failed to comply with state statutes and administrative rules in conducting his parole review. Contrary to his assertions, Plaintiff has no liberty interest in being released on parole. There is no constitutional or inherent right to be conditionally released before the expiration of a prison sentence. *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979). Although a state may establish a parole system, it has no duty to do so, and thus, the presence of a parole system by itself does not give rise to a constitutionally-protected liberty interest in parole release. *Id.* at 7; *Board of Pardons v. Allen*, 482 U.S. 369, 373 (1987). Rather, a liberty interest is present only if state law entitles an inmate to release on parole. *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir. 1991).

In *Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir. 1994) (en banc), the Sixth Circuit, noting "the broad powers of the Michigan procedural authorities to deny parole," has held that the Michigan system does not create a liberty interest in parole. Subsequent to its 1994 decision, the Sixth Circuit has recognized the continuing validity of *Sweeton* and has continued to find that Michigan's Parole scheme creates no liberty interest in being released on parole. *See Ward v. Stegall*, No. 03-1804, 2004 WL 614581 (6th Cir. March 24, 2004); *Martin v. Ohio Adult Parole Auth.*, No. 03-3642, 2003 WL 22976604, at *1 (6th Cir. Dec. 8, 2003); *Bullock v. McGinnis*, No. 00-1591, 2001 WL 180978, at *2 (6th Cir. Feb. 14, 2001); *Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, at *1 (6th Cir. Nov. 1, 2000); *Hawkins v. Abramajtys*, No. 99-1995, 2000 WL 1434695, at *2 (6th Cir. Sept. 19, 2000); *Irvin v. Michigan Parole Bd.*, No. 99-1817, 2000 WL 800029, at *2 (6th Cir. June 14, 2000); *Clifton v. Gach*, No. 98-2239, 1999 WL 1253069, at *1 (6th Cir. Dec. 17, 1999). Also, in unpublished decisions, the Sixth Circuit has held that particular parts of Michigan's statutory parole scheme do not create a liberty interest in parole. *See Fifer v. Michigan Dep't of Corr.*, No. 96-2322, 1997 WL 681518, at *1 (6th Cir. Oct. 30, 1997); *Moran v. McGinnis*, No. 95-1330, 1996 WL 304344, at *2 (6th Cir. June 5, 1996); *Leaphart v. Gach*, No. 95-1639, 1995 WL 734480, at *2 (6th Cir. Dec. 11, 1995); *Vertin v. Gabry*, No. 94-2267, 1995 WL 613692, at *1 (6th Cir. Oct. 18, 1995); *Neff v. Johnson*, No. 92-1818, 1993 WL 11880, at *1 (6th Cir. Jan. 21, 1993); *Janiskee v. Michigan Dep't of Corr.*, No. 91-1103, 1991 WL 76181, at *1 (6th Cir. May 9, 1991); *Haynes v. Hudson*, No. 89-2006, 1990 WL 41025, at *1 (6th Cir. April 10, 1990). Finally, the Michigan Supreme Court has recognized that there is no liberty interest in parole under the Michigan system. *Glover v. Michigan Parole Bd.* 596 N.W.2d 598, 603-04 (Mich. 1999). Because Plaintiff has no liberty interest at stake, he fails to state a claim for a violation of his procedural due process rights.

2. <u>Grievance Process</u>

Plaintiff contends that Defendants Siegrist, Kleinhardt, Rubitschun[2] and Armstrong failed to take steps to correct the error set forth in his grievance and grievance appeals in violation of his constitutional rights. However, where the defendant's only involvement in the allegedly unconstitutional conduct is "the denial of administrative grievances or the failure to act," the defendant cannot be liable under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Failing to intervene on a prisoner's behalf to remedy alleged unconstitutional behavior does not amount to active unconstitutional behavior by a person who merely denies an administrative grievance. *Id.* Moreover, the Sixth Circuit and other circuit courts have held that there is no constitutional right to access an institutional grievance procedure. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *Young v. Gundy*, No. 01-2111, 2002 WL 373740, at *2 (6th Cir. Mar. 7, 2002); *Carpenter v. Wilkinson*, No. 99-3562, 2000 WL 190054, at *2 (6th Cir. Feb. 7, 2000); *Miller v. Haines*, No. 97-3416, 1998 WL 476247, at *1 (6th Cir. Aug. 3, 1998); *Saylor v. O'Dea*, No. 96-6685, 1997 WL 693065, at *2 (6th Cir. Oct. 31, 1997); *Wilcox v. Johnson*, No. 95-1754, 1996 WL 253868, at *1 (6th Cir. May 13, 1996); *Wynn v. Wolf*, No. 93-2411, 1994 WL 105907, at *1 (6th Cir. March 28, 1994). Michigan law does not create a liberty interest in the grievance procedure. *See Wilcox*, 1996 WL 253868, at *1; *Wynn*, 1994 WL 105907, at *1. In light of the foregoing authority, Plaintiff's allegation that Defendants improperly denied his grievance and grievance appeals fails to state a claim of constitutional dimension.

---

[2] Plaintiff also contends that Defendant Rubitschun is responsible for the alleged unconstitutional conduct of his subordinates on the parole board. A plaintiff bringing an action pursuant to § 1983 cannot premise liability upon a theory of respondeat superior or vicarious liability. *Street*, 102 F.3d at 818 (quoting *Monell v. Department of Social Services*, 436 U.S. 658 (1978)). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *See Summer v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002).

B.     **Fourteenth Amendment - Equal Protection**

Plaintiff further contends that the parole board "had created disparities in release decisions which were based on Plaintiff Herron's race and color" in violation of his Fourteenth Amendment right to equal protection.[3] The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike. U.S. CONST., amend. XIV; *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985). Generally, the Equal Protection Clause protects inmates from invidious discrimination based upon race. *See Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). In order to establish a violation of the Equal Protection Clause, Plaintiff inmate must prove that a racially discriminatory intent or purpose was a factor in the parole decision. *See Copeland v. Machulis*, 57 F.3d 476, 480 (6th Cir. 1995) (per curiam).

There is no evidence that Defendants had any intent to discriminate against Plaintiff because of his race (Native American) or that they treated Plaintiff differently than similarly-situated non-Native American prisoners. In support of his claim, Plaintiff offers only that William Harry Hackel, "a 'white' sex offender," was released on parole at his first opportunity for parole consideration without having participated in or completed sex offender therapy. Plaintiff's allegations fall far short of showing that Mr. Hackel similarly situated to him in all respects material to the parole assessment. The parole board considers many factors in making individualized parole decisions. In addition to the fact that Plaintiff has not participated in sex offender therapy, the parole

---

[3] Plaintiff does not disclose his race or color in his complaint. According to the Michigan Department of Corrections Offender Tracking Information System, Plaintiff is Native American.

board noted that Plaintiff's offense involved a minor/child victim that was a family member or acquaintance. The parole board also noted that Plaintiff had committed crime while under supervision and has a history of probation failure. In the absence of sufficient allegations that Defendants intentionally denied Plaintiff parole because of his race, Plaintiff fails to state a claim.

C. **Fifth Amendment**

The parole board provided the following substantial and compelling reason for departing from the parole guidelines: "Since P continues to deny the CSC crime, and his case remains on appeal, he has not been through therapy which would allow the PB to assess whether the risk to the public of reoccurrence is sufficiently diminished." Plaintiff claims that the parole board violated his Fifth Amendment rights by denying his parole because he continues to maintain his innocence. The Fifth Amendment protects against compelled self-incrimination. *See Ohio Adult Parole Auth. v. Woodard*, 523 U.S. 272, 286 (1998) (citing *Baxter v. Palmigiano*, 425 U.S. 308, 316-18 (1976)). The privilege against self-incrimination does not terminate at the jailhouse door, but the fact of a valid conviction and the ensuing restrictions on liberty are essential to the Fifth Amendment analysis. *McKune v. Lile*, 526 U.S. 24, 35 (2002). In denying his parole, the parole board relied upon the fact that Plaintiff has not participated in sex offender therapy, and thus, they were unable to assess his risk of recidivism. Even if the parole board considered Plaintiff's refusal to admit to the offense, Plaintiff fails to state a Fifth Amendment claim. *See Woodard*, 523 U.S. at 286 (Ohio's voluntary clemency interview did not violate Fifth Amendment privilege against compelled self-incrimination); *Hawkins v. Morse*, No. 98-2062, 1999 WL 1023780, at *2 (6th Cir. Nov. 4, 1999) ("[I]t cannot be said that the alleged pressure to admit that he committed the crime for which he is incarcerated in order to improve his chances for parole forces Hawkins to incriminate himself in violation of the Fifth Amendment.").

D. **Eighth Amendment**

Plaintiff contends that Defendants' conduct with regard to the denial of his parole resulted in the "unnecessary infliction and wanton infliction of pain" in violation of the Eighth Amendment. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged "must result in the denial of 'the minimal civilized measure of life's necessities.'" *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-601 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348. Clearly, the denial of parole or the denial of a prison grievance is not the type of deprivation that gives rise to an Eighth Amendment violation.

E. **State Law**

Plaintiff asserts numerous violation of state statutes and administrative rules. Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). Accordingly, a state's failure to comply with its own law, rule or regulation does not by itself state a claim under § 1983. *Smith v. Freland*, 954 F.2d 343, 347-48 (6th Cir. 1992); *Barber v. City of Salem*, 953 F.2d 232, 240 (6th Cir. 1992); *Spruytte v. Walters*, 753 F.2d 498, 508-09 (6th Cir. 1985). To the extent that Plaintiff's complaint presents allegations under state law, the Sixth Circuit has stated that district courts should generally decline to exercise supplemental jurisdiction over state law claims under these

circumstances. *See Landefeld v. Marion General Hosp.*, 994 F.2d 1178, 1182 (6th Cir. 1993); *Hawley v. Burke*, No. 97-1853, 1998 WL 384557, at *1-2 (6th Cir. June 18, 1998). Therefore, Plaintiff's state law claims will be dismissed without prejudice.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action fails to state a claim and will therefore be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $255 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated: *August 2, 2005*          /s/ R. Allan Edgar
                                  R. Allan Edgar
                                  United States District Judge